(Court of Common Pleas, Cuyahoga County.)

## TOM L. JOHNSON v. JOHN H. FARLEY, MAYOR.

(1.) An action by a citizen against a municipal officer to restrain the execution of a contract, as authorized and directed by an ordinance of the city, brought under secs. 1777 and 1778, R. S., is an action to enforce the trust relationship between such city and its officers, in the execution of their trust and the preservation of the rights of the municipality as against the wrongful acts of its agents of officers.

(2.) In such action the only question that can be presented is the one of whether or not there has been a violation of the trust existing between the city and its members on the one hand and its officers and agents on the other.

(3.) In such action railway companies cannot become parties defendant and by answer or cross-petition seek to enforce rights which they claim vested in them by such ordinance.

---

STRIMPLE, J.

Tom L. Johnson, on behalf of the city of Cleveland, brought an action on against John H. Farley, mayor of said city, the object and prayer of said action being to restrain said Farley from executing a contract under ordinance No. 31075, said ordinance authorizing and directing the mayor, on behalf of the city, to execute and enter into the contract provided for said ordinance.

The action commenced by Johnson was brought by him by virtue of section 1777 and 1778, Revised Statutes, and seeks to restrain the execution of the contract and the withdrawal of a motion for a new trial in a cause touching the subject-matter of said ordinance in the United States circuit court and from doing any of the things authorized or directed to be done on behalf of the city by the mayor, by said ordinance.

A temporary restraining order was granted b one of the co-ordinate branches of this court and during the pendency of this temporary order Tom L. Johnson succeeded John H. Farley as mayor.

During the April term of this court, the railway companies, claiming that by virtue of the passage of this ordinance there was vested in them rights, took leave of court to become parties defendant and answered and cross-petitioned against the city of Cleveland, which cross-petition seeks to enforce the rights which they claim vested in them by the ordinance.

At the same term of court, a motion was made by Tom L. Johnson on behalf of the city of Cleveland to strike off the answer and

cross-petition of the Pennsylvania Company and Cleveland & Pittsburg Railway Company, and this motion alone at this time is before the court for consideration.

The motion presents the question as to whether, under our code of procedure, the railway companies, who claim the existence of a contract under and by virtue of the ordinance of the city No. 31075 and the right to have the sub-contract enforced, can have their rights determined and adjudicated under a cross-petition in this action.

It would seem to us that the determination of this question depends entirely on the nature of the action set forth in the petition.

The action is one in equity the existence of which was known and fully recognized in the law almost from the foundation of civil government, and it appears from a careful review of its object and purposes to be an action to enforce the trust relationship existing between the government as such and the officers who are selected or appointed to control the action thereof.

Sections 1777 and 1778 are designed for the purpose of controlling the manner of bringing this action, 1777 making it the duty of the director of law, in cities of our grade and class, and section 1778 giving to the taxpayer the privilege;—in any event the action is to be brought in the name of the corporation, or on its behalf.

"Section 1777. (City solicitor shall apply for injunction in certain cases.) He shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing the same, or which was procured by fraud or corruption. And he shall likewise, whenever an obligation or contract made on behalf of the corporation granting a right or easement, or creating a public duty, is being evaded or violated, apply for the forfeiture or the specific performance of the same as the nature of the case may require. And in case any officer or board fails to perform any duty expressly enjoined by law or ordinance, he shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.

Section 1778. (When tax-payer may institute suit.) In case he fails upon the request of any tax-payer of the corporation to make the application provided for in the preceding section, it shall be lawful for such tax-payer to institute suit for such purpose in his own name, on behalf of the corporation; provided, that no such suit or proceeding shall be entertained by any court until such request shall have first been made in writing."

So that it would seem to be the object and purpose of this action to enforce the trust relationship existing between the city of Cleveland, a municipal corporation, and its officers, in the execution of their trust and the preservation of the rights of the municipality as against the wrongful acts of its agents or officers.

Section 1779 of the statutes provides as follows: "If the court hearing such case is satisfied that such tax-payer had good cause to believe that his allegations were well founded, or if the same are sufficient in law, it shall make such order as the equity and justice of the case demands; and in such case the tax-payer shall be allowed his costs, including a reasonable compensation to his attorney."

We have called attention to this section of the statutes in connection with sections 1777 and 1778 for the purpose of giving light on the question of the character of the action set forth in the petition. In the 10 C. C., 642, but more especially in the well digested case of *Gallagher* v. *Johnson,* reported in the 31 Bull., pages 9-24, and also in the cases of *Henseley* v. *City of Hamilton,* 3 C. C., 201, and *Knorr* v. *Miller,* 5 C. C., R., 609; it was held that the object of sections 1777 and 1778 is to preserve to the municipal corporation its rights.

This question was before the court in *Simmons* v. *City of Toledo,* 5 C. C. R., 124, and in Sloan on behalf of *Sandusky City* v. *The Electric R. R. Co.,* 7 C. C. R., pages 9-84, and it was held that the only question that could be considered in such an action is the rights of the municipal corporation.

While these cases seem to take a very narrow view of this action, some of them indicating that the action or proceeding was created by the statute, and while we can not agree with these cases as to the foundation or origin of this action, yet we do concur fully with the cases cited in so far as they discuss the character and object of the action. We therefore conclude that the only question that can be presented in this action is the one of whether or not there has been a violation of the trust existing between the corporation and its members on the one hand and its officers and agents on the other.

The subject-matter of the action and what it seeks is the preservation of the rights of the municipal corporation, and the law under which it exercises its corporate capacity fixes and establishes alike the interests of all persons, natural and artificial. No one can have

or ought to have any interest in a municipal corporation doing a thing in excess of its powers or in undertaking to compel the corporation to the performance of an act arising out of the violation of any trust on the part of its officers.

It will not be claimed that these railway companies have any lawful interests that are adverse to the right of the municipal corporation to have determined in the courts the question as to whether its officers have or have not violated the trust reposed in them as such.

This action is the bulkwark of the municipality, the county, the state, and by it the municipality, the county and the state preserves inviolate the trust reposed in its officers. It should not be brought for private ends, nor to serve political purposes and when brought for that purpose it is the duty of courts to dismiss it. It was the purpose of sections 1777 and 1778 to provide against abuses in the use of this action for private purposes, and so it was made the duty of the proper officer in this case, the director of law, to make the application, and if he fail to do so at the request of any tax-payer of the corporation, it was made lawful for such tax-payer to so apply in his own name on behalf of the corporation.

If our conclusions are right as to the object and purpose of this action, then no one can be lawfully heard to complain that his rights are in any way affected or prejudiced by the action, as the rights and duties of all are alike in the preservation of the trust relation, which is equally important to all, nor can one person have any affirmative relief in such an action to which all are not equally entitled.

It has not been the purpose of the court, neither is it the duty of the court in passing on this motion to touch upon the merits of the cause of action set forth in the petition or the merits of the action set forth in the cross-petition. These questions are not before the court at this time.

If our reasoning is, in the light of the law correct, we know of no law of procedure that would permit the railway companies to properly become parties in this action, and it therefore follows that the motion to strike off the answer and cross-petition of these railway companies should be granted.

*Meyer & Mooney;* for Plaintiff.

*Squires, Sanders & Dempsey,* for Defendant.